Young Cho
Attorney at Law: 189870
Law Offices of Lawrence D. Rohlfing
12631 East Imperial Highway, Suite C-115
Santa Fe Springs, CA 90670
Tel.: (562) 868-5886
Fax: (562) 868-8868
E-mail: rohlfing.office@rohlfinglaw.com

Attorneys for Plaintiff
Marvin Wells

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN WELLS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>　　　　　Defendant.<br>_____ | ) Case No.: 2:18-cv-03046-KJN<br>)<br>) STIPULATION AND ORDER FOR<br>) THE AWARD AND PAYMENT OF<br>) ATTORNEY FEES AND EXPENSES<br>) PURSUANT TO THE EQUAL<br>) ACCESS TO JUSTICE ACT, 28 U.S.C.<br>) § 2412(d) AND COSTS PURSUANT<br>) TO 28 U.S.C. § 1920<br>)<br>)<br>) |

TO THE HONORABLE KENDALL J. NEWMAN, MAGISTRATE

JUDGE OF THE DISTRICT COURT:

　　　　IT IS HEREBY STIPULATED by and between the parties through their

undersigned counsel, subject to the approval of the Court, that Marvin Wells be

awarded attorney fees and expenses in the amount of three thousand six hundred

dollars ($3,600.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. §

2412(d), and no costs under 28 U.S.C. § 1920.  This amount represents

compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Marvin Wells, the government will consider the matter of Marvin Wells's assignment of EAJA fees to Young Cho. The retainer agreement containing the assignment is attached as exhibit 1. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Marvin Wells, but if the Department of the Treasury determines that Marvin Wells does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D. Rohlfing, pursuant to the assignment executed by Marvin Wells.[1] Any payments made shall be delivered to Young Cho.

This stipulation constitutes a compromise settlement of Marvin Wells's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Marvin Wells and/or Young Cho including Law Offices of Lawrence D. Rohlfing may have relating to EAJA attorney fees in connection with this action.

---

[1] The parties do not stipulate whether counsel for the plaintiff has a cognizable lien under federal law against the recovery of EAJA fees that survives the Treasury Offset Program.

This award is without prejudice to the rights of Young Cho and/or the Law Offices of Lawrence D. Rohlfing to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: August 27, 2019          Respectfully submitted,

LAW OFFICES OF LAWRENCE D. ROHLFING

/s/ *Young Cho*

BY:_____
Young Cho
Attorney for plaintiff Marvin Wells

DATED: August 27, 2019          McGREGOR W. SCOTT
United States Attorney

/s/ *Marcelo N. Illarmo*

_____
MARCELO N. ILLARMO
Special Assistant United States Attorney
Attorneys for Defendant ANDREW M. SAUL,
Commissioner of Social Security
(Per e-mail authorization)

## ORDER

Approved and so ordered:

Dated:  August 29, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

well.3046

_____

-3-