UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN WELLS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No.  2:18–cv–03046–KJN<br><br>ORDER<br><br>(ECF No. 22) |

　　　　Presently pending before the court is counsel for plaintiff Young Cho's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b), filed on July 21, 2020.  (ECF No. 19.)[1]  Plaintiff's counsel seeks an award of $23,000.  On August 12, 2020, the Commissioner filed an advisory response to plaintiff's counsel's motion.  (ECF No. 20.)  On August 20, 2020, plaintiff's counsel filed a reply in support of the motion for attorneys' fees.  (ECF No. 21.)

　　　　The court grants the motion for attorneys' fees under 42 U.S.C. § 406(b).

///

///

///

---

[1] This case was initially referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge.  (ECF Nos. 5, 7, 8.)

1

**BACKGROUND**

Plaintiff filed the underlying action seeking judicial review of a final administrative decision partially denying his claim for benefits under the Social Security Act.  (ECF No. 1.)  Plaintiff then filed a motion for summary judgment seeking reversal of the Commissioner's decision and an order awarding the payment of benefits.  (See ECF No. 13.)  Alternatively, plaintiff sought an order remanding the matter for further administrative proceedings.  (See Id.)  However, on June 15, 2019, the parties stipulated to a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g).  (ECF Nos. 15, 16.)  Subsequently, on August 29, 2019, the parties stipulated to plaintiff receiving $3,600 in attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA").  (ECF No. 18.)

On April 1, 2020, an administrative law judge ultimately issued a fully favorable decision, finding that plaintiff was disabled as of December 24, 2012, as originally alleged.  (ECF No. 19-2.)  Plaintiff was awarded $135,852 in retroactive benefits.  (See ECF No. 19-3.)

On July 21, 2020, plaintiff's counsel filed the instant motion for attorneys' fees under 42 U.S.C. § 406(b).  (ECF No. 19.)  In a separate request to the administrative court, plaintiff's counsel is seeking $10,000 in attorneys' fees under 42 U.S.C. § 406(a).  (ECF No. 19 at 7, 14.)  When combining the present $23,000 request and the $10,000 request to the administrative court, plaintiff's counsels' potential attorneys' fee award will not exceed 25% of plaintiff's past-due benefits ($135,852 in past-due benefits multiplied by 25% is $33,963).  Counsel served his motion on plaintiff, who did not respond.  (ECF No. 19.)  The Commissioner responded to the present motion for attorneys' fees on August 12, 2020, taking a neutral position because it was not a party to the contingent-fee agreement.[2]  (ECF No. 20.)  Thereafter, plaintiff's counsel filed a reply in support of the motion requesting attorneys' fees, based on 19.8 hours of combined paralegal and attorney work.  (ECF Nos. 19-4, 21.)

---

[2] The Commissioner noted that plaintiff's counsel sought a rate of $1,437.50 for both attorney and paralegal time based on a formula of $23,000 divided by 16 attorney hours.  (ECF No. 20 at 3.)  However, the Commissioner likely erred in this calculation because the paralegal and attorney time expended on the case was 19.8 hours (ECF No. 19-4), bringing the rate to $1,161.62 ($23,000 divided by 19.8 hours equals $1,161.62).

**DISCUSSION**

Title 42 U.S.C. § 406(b) provides, in part, that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). Unlike fee-shifting provisions where the losing party is responsible for attorneys' fees, the attorneys' fees provision in 42 U.S.C. § 406(b) is paid by the claimant out of the past-due benefits awarded. Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002).

The Commissioner typically does not act as an adversary, but instead as an adviser to the court with respect to fee requests under 42 U.S.C. § 406(b). Crawford v. Astrue, 586 F.3d 1142, 1144 n. 2 (9th Cir. 2009) (en banc) ("The Commissioner plays a part in the fee determination resembling that of a trustee for the claimants"). Indeed, in this case, while the Commissioner filed an advisory response to plaintiff's counsel's motion, outlining the applicable law regarding fee requests under 42 U.S.C. § 406(b), the Commissioner indicated that it takes no position on the reasonableness of the request. (ECF No. 20.) However, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." Crawford, 586 F.3d at 1149.

In Crawford, the Ninth Circuit Court of Appeals extensively discussed how the reasonableness of the fee within the 25% cap is to be determined. The court noted that although the Ninth Circuit had previously utilized the lodestar method to determine the reasonableness of fees under 42 U.S.C. § 406(b), i.e., "by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case" with consideration of possible enhancements, the approach changed after the United States Supreme Court's decision in Gisbrecht v. Barnhart, 535

3

U.S. 789 (2002). <u>Crawford</u>, 586 F.3d at 1148. The Ninth Circuit observed that:

> In <u>Gisbrecht</u>, the Supreme Court flatly rejected our lodestar approach. The court explained that we had "erroneously read § 406(b) to override customary attorney-client contingent-fee agreements" when we approved the use of the lodestar to determine a reasonable fee. <u>Gisbrecht</u>, 535 U.S. at 808-09. The Court held that a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect "the primacy of lawful attorney-client fee agreements," <u>id.</u> at 793, "looking first to the contingent-fee agreement, then testing it for reasonableness," <u>id.</u> at 808. The Court noted that courts that had followed this model had "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." <u>Id.</u> A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case." <u>Id.</u> "[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but "not as a basis for satellite litigation," the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases. <u>Id.</u> The attorney bears the burden of establishing that the fee sought is reasonable. <u>Id.</u> at 807.

<u>Id.</u> (cleaned up). Thus, performance of the district court's duty to assure reasonableness of the fee "must begin, under <u>Gisbrecht</u>, with the fee agreement, and the question is whether the amount need be reduced, not whether the lodestar amount should be enhanced." <u>Id.</u> at 1149, 1151 ("the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall").

In support of his motion for attorneys' fees under 42 U.S.C. § 406(b), plaintiff's counsel attached an attorney-client agreement, which provided for a contingent fee of 25% of any past due benefits awarded in plaintiff's case pursuant to 42 U.S.C. § 406(b). (ECF No. 19-1. ) The copies of the agreements provided are signed. (ECF No. 19-1.) The court also notes that plaintiff's counsel served a copy of the motion, along with a "Notice of Right to Object to Payment of Fees," on plaintiff and that plaintiff did not file any objections to plaintiff's counsel's fee request. (ECF No. 19.) Accordingly, the court has no reason to doubt plaintiff's counsel's representations regarding the fee agreements.

In light of the guidance provided in Crawford, the court finds plaintiff's counsel's fee request to be reasonable. As an initial matter, agreements providing for fees of 25% of past due benefits are the "most common fee arrangement between attorneys and Social Security claimants." Crawford, 586 F.3d at 1147. Additionally, the Commissioner does not point to, and neither does the undersigned find, any indication that plaintiff's counsel performed substandard work or unduly delayed the case; to the contrary, plaintiff's counsel's work ultimately resulted in a fully favorable decision for plaintiff and an award of back benefits and continuing benefits.

Furthermore, the total amount sought ($23,000) does not appear to be disproportionate to the amount of time plaintiff's counsel spent on the case. In his briefing, plaintiff's counsel suggests that he, Mr. Cho, and support staff spent approximately 19.8 hours on the case, which equates to a rate of approximately $1,161.62 per hour ($23,000 divided by 19.8 hours equals $1,161.62). (ECF Nos. 19, 19-4.) Plaintiff's counsel did not provide a normal billing rate for either himself or the paralegal. The billing statement reflects sixteen hours of attorney work expended on the matter. (ECF No. 19-4.) Although 16 hours appears to be low, plaintiff's counsel has over twenty years of experience handling social security matters and efficiently secured a favorable decision. After counsel filed for summary judgment, the Commissioner stipulated to a voluntary remand. (ECF Nos. 15, 16, 19 at 14.) It is important to note that plaintiff's counsel also assumed the risk of receiving no compensation, as plaintiff's application was found to be only partially favorable at the administrative level. (ECF No. 10-3 at 17.)

While the hourly rate is very high, the amount requested cannot be said to amount to a windfall to plaintiff's counsel. See Langston v. Saul, No. 1:18-cv-00273-SKO, 2020 WL 4501941, at *3 (E.D. Cal. Aug. 5, 2020) (upholding an effective hourly rate of $1,453.42, when counsel requested $23,400 for 16.10 hours of attorney work); Thomas v. Colvin, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *2-3 (E.D. Cal. Apr. 3, 2015) (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); Villa v. Astrue, No. CIV-S-06-0846, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (awarding an hourly rate exceeding $1,000, when counsel requested $4,569.25 for 5.2 hours of combined attorney and paralegal work, and noting that "[r]educing § 406(b) fees after Crawford is a dicey business"). Further, the hourly rate of

1 $1,161.62 is not excessive when compared to what the Ninth Circuit Court of Appeals has awarded in 42 U.S.C. § 406(b) cases.  See Crawford, 586 F.3d at 1153 (discussing that the majority opinion found reasonable effective hourly rates equaling $519, $875, $902) (J. Clifton, concurring in part and dissenting in part).  Additionally, plaintiff's counsel's request falls below the 25% maximum outlined in 42 U.S.C. § 406(b) ($23,000 comes out to 16.9% of plaintiff's past due benefits of $135,852).

For these reasons, the court awards plaintiff's counsel the requested amount of $23,000 in attorneys' fees under 42 U.S.C. § 406(b).  The court directs that the full amount be paid to plaintiff's present counsel, who shall then be responsible for paying $3,600 to plaintiff for the EAJA fees.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for $23,000 in attorneys' fees under 42 U.S.C. § 406(b) (ECF No. 19) is GRANTED; and

2. Plaintiff's counsel is ORDERED to refund plaintiff $3,600 for the EAJA fees previously awarded.

Dated: August 24, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

well.3046